UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Noridin Warsame, individually and on behalf of all others similarly situated, and the proposed Minnesota Rule 23 Class,<br><br>        Plaintiffs,<br><br>v.<br><br>Metropolitan Transportation Network, Inc.,<br><br>        Defendant. | Case No. |

---

**COLLECTIVE AND CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED**

---

Plaintiff Noridin Warsame ("Plaintiff"), individually and on behalf of the proposed FLSA Collective and Minnesota Rule 23 Class, by and through his attorneys, Nichols Kaster, PLLP, brings this action against Defendant Metropolitan Transportation Network, Inc. ("Defendant") for damages and other relief for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Minnesota Fair Labor Standards Act, Minn. Stat. § 177.25 ("MFLSA"), and the Minnesota Payment of Wages Act, Minn. Stat. § 181.101 *et seq.* ("MPWA").

**PRELIMINARY STATEMENT**

1. Plaintiff brings this case because Defendant intentionally denied its school bus drivers ("drivers") compensation for hours worked in violation of the FLSA, MFLSA, and MPWA.

2. Defendant did this by making changes to drivers' recorded time to avoid paying them for their actual and total hours worked.

3. As a result of Defendant's intentional and illegal pay practices, drivers were deprived of straight time and overtime compensation for their hours worked in violation of federal and state law.

4. Plaintiff brings this proposed collective and class action on behalf of all individuals who work or worked for Defendant as drivers at any time since three years prior to the filing of this Complaint through the present.

## PARTIES

5. Plaintiff Noridin Warsame is an adult resident of the State of Minnesota.

6. Defendant hired Plaintiff Warsame as a driver in approximately August 2017. Plaintiff Warsame currently works out of Defendant's Minneapolis location.

7. Defendant is a domestic corporation with its principal place of business in Fridley, Minnesota. Upon information and belief, it also operates from locations in Minneapolis and Sauk Rapids, Minnesota.

8. Upon information and belief, Defendant employs over 300 full-time and part-time drivers and partners with the Minneapolis Public School District, along with other districts and charter schools in Minnesota, to provide daily student transportation. According to its website, it also provides services for field trips, extracurricular activities, and charters.

9. Upon information and belief, at all relevant times, Defendant's gross annual sales made or business done has been $500,000 or greater.

**JURISDICTION AND VENUE**

10. This action arises under the FLSA, 29 U.S.C. § 201 *et seq*. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

11. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

12. Venue is proper in the United States District Court, District of Minnesota, pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and because the events giving rise to the claims occurred in this District.

**FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS**

13. Defendant contracts with the Minneapolis Public School District, along with other districts and charter schools to provide student transportation within the state of Minnesota.

14. Plaintiff, the proposed FLSA Collective, and members of the proposed Minnesota Class worked or work for Defendant as drivers within the past three years.

15. Defendant classifies its drivers as non-exempt employees and pays them on an hourly basis.

16. Plaintiff, the FLSA Collective, and members of the proposed Minnesota Class were not paid for all their hours worked, including regular and overtime hours.

17. Specifically, Defendant has a policy or practice of editing drivers' time records to reflect less hours than they worked.

18. This results in Defendant denying its drivers regular and overtime compensation they are owed.

19. Plaintiff has worked the same route for the duration of his employment with Defendant. He typically clocks in for the start of his shift between 5:30 a.m. and 5:45 a.m., at which time he inspects the bus and prepares it for departure. This work generally includes, but is not limited to, checking the oil, checking tire pressure, cleaning windows and headlights, and in winter months, clearing snow and warming the bus.

20. Defendant requires its drivers to arrive early, prior to the scheduled departure time, to complete these tasks.

21. Defendant maintains a policy and practice of editing drivers' time worked, particularly during winter months, to reduce the time recorded.

22. By way of example, during the week of February 1, 2020, Defendant changed Plaintiff's clock-in time from 5:30 a.m. (the time Plaintiff started working) to 5:55 a.m. on four out of the five days that week, resulting in less hours paid than worked. While his paystub reflects that he was paid for 8.38 overtime hours, had Defendant paid Plaintiff based on the actual times he clocked in during that pay period, Plaintiff would have received additional overtime compensation.

23. Defendant's manipulation of drivers' time entries is not limited to instances in which drivers arrive early to perform work prior to their scheduled departure. Plaintiff and other drivers have observed their paystubs reflecting less hours than they recorded in Defendant's timekeeping system as a result of Defendant editing their clock-in and clock-out times to reflect times that are not accurate.

24. By way of another example, during the pay period referenced above (February 1, 2020), Plaintiff clocked in and began working his second shift at 1:20 p.m., but Defendant changed the time to 1:25 p.m.

25. Other times, Defendant paid Plaintiff properly without editing his time.

26. Defendant's actions of editing time to reflect less hours than worked not only denied Plaintiff and other drivers straight time wages for hours worked but also denied them overtime premium pay.

27. Plaintiff typically works an average of approximately 40 to 50 hours per week. He works a split shift, consisting of typical shifts of approximately 5:30 a.m. to 10:00 a.m. and approximately 1:20 p.m. to 6:15 p.m. During the fall and winter months, Plaintiff tends to work more hours as a result of weather and traffic delays. For example, during the workweek beginning November 11, 2018, Plaintiff worked 49.15 hours.

28. Upon information and belief, Defendant's records should reflect the actual time worked entered by drivers prior to Defendant's editing.

29. Defendant's pattern and practice of denying drivers pay for their hours worked was willful.

30. Plaintiff complained several times to his supervisor regarding the changes Defendant made to his time entries that caused him to be paid for less time than he worked. His supervisor responded that Defendant does not pay drivers for pre-trip inspections because the Minneapolis School District does not pay Defendant for that time.

31. However, Defendant has paid for that time on several occasions.

32. On other occasions, in response to complaints by Plaintiff and other drivers, Defendant indicated the pay shortages were errors that would be corrected. However, Defendant rarely, if ever, issued payments to correct the errors.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

34. Plaintiff brings Count I below on behalf of himself and all others similarly situated, specifically:

> All persons who worked as drivers for Defendant at any time since three years prior to the filing of this Complaint (the proposed "FLSA Collective").

35. Plaintiff and the proposed FLSA Collective are victims of Defendant's widespread, repeated, and illegal policies that resulted in violations of their rights under the FLSA.

36. During the applicable statutory period, Plaintiff and the other similarly situated drivers routinely worked in excess of 40 hours in a workweek without receiving proper overtime compensation.

37. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, denying employees compensation for hours worked, including overtime hours.

38. There are numerous similarly situated current and former drivers who have suffered from Defendant's practices who would benefit from the issuance of a court-

supervised notice of the lawsuit and the opportunity to join. Defendant's drivers should be identifiable through Defendant's records.

## MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS

39. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

40. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Counts II and III individually and on behalf of the following:

> All individuals who worked as drivers for Defendant at any time in Minnesota since three years prior to the filing of this Complaint (the proposed "Minnesota Class").

41. The persons in the proposed Minnesota Class are so numerous that joinder of all members of the proposed class is impracticable. While the precise number of class members has not been determined, upon information and belief Defendant has employed in excess of 300 individuals as drivers during the applicable statute of limitations period. Plaintiff and the proposed Minnesota Class have been equally affected by Defendant's violations of law.

42. There are questions of law and fact common to the proposed Minnesota Class that predominate over any questions solely affecting individual members, including but not limited to the following:

   a. Whether Defendant violated Minnesota law by failing to pay current and former drivers for hours worked in a workweek;

   b. Whether Defendant violated Minnesota law by failing to pay drivers overtime compensation for hours worked in excess of 48 in a workweek;

      c. Whether Defendant failed to comply with the requirements of Minn. R. 5200.0120, sub. 1;

      d. The proper measure and calculation of damages; and

      e. Whether Defendant's actions were willful or in good faith.

43. Plaintiff's claims are typical of those of the proposed Minnesota Class. Plaintiff, like the other class members, was subject to Defendant's practices and policies described in this Complaint.

44. Plaintiff will fairly and adequately protect the interests of the proposed Minnesota Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

45. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

46. Plaintiff intends to send notice to all members of the proposed Minnesota Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I—UNPAID OVERTIME WAGES
**Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq.*
*On Behalf of Plaintiff and the FLSA Collective*

47. Plaintiff, individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

48. The FLSA, 29 U.S.C. § 207, requires employers to pay their employees for hours worked in excess of 40 in a work week at a rate no less than one and one-half times their regular hourly rate of pay.

49. At all relevant times, Plaintiff and others similarly situated were employees within the meaning of 29 U.S.C. § 203(e)(1).

50. At all relevant times, Defendant has been an employer engaged in interstate commerce within the meaning of the FLSA.

51. Plaintiff and the proposed FLSA Collective, at times, worked more than 40 hours per week for Defendant and were not compensated for all overtime hours worked.

52. By failing to pay proper overtime, Defendant violated the FLSA.

53. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

54. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the proposed FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the proposed FLSA Collective are entitled to

damages, liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

## COUNT II – UNPAID OVERTIME WAGES
**Minnesota Fair Labor Standards Act, Minn. Stat. § 177.25**
*On Behalf of Plaintiff and the Proposed Minnesota Class*

55. Plaintiff, individually and on behalf of the proposed Minnesota Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

56. Plaintiff and the proposed Minnesota Class were or are employees of Defendant, and Defendant was or is their employer. *See* Minn. Stat. §§ 177.23, 177.24, and 181.171, subd. 4.

57. The MFLSA, Minn. Stat. § 177.25, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over 48 in a workweek.

58. Defendant suffered and permitted Plaintiff and the proposed Minnesota Class to work more than 48 hours in a workweek without proper overtime compensation as required by the MFLSA.

59. Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation, constituting a willful violation of the MFLSA.

60. Defendant's failure to comply with the MFLSA overtime protections caused Plaintiff and the proposed Minnesota Class to suffer loss of wages and interest thereon.

61. Plaintiff and the proposed Minnesota Class are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the MFLSA.

## COUNT III – UNPAID WAGES
**Minnesota Payment of Wages Act, Minn. Stat. § 181.101** *et seq.*
*On Behalf of Plaintiff and the Proposed Minnesota Class*

62. Plaintiff, individually and on behalf of the proposed Minnesota Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

63. Plaintiff and the proposed Minnesota Class are current and former employees of Defendant within the meaning of Minn. Stat. § 181.101.

64. Defendant is or was Plaintiff's and the proposed Minnesota Class's employer within the meaning of Minn. Stat. § 181.171, subd. 4.

65. Minn. Stat. § 181.101 requires every employer to pay all wages earned by an employee at least once every 31 days on a regular payday designated in advance by the employer.

66. For purposes of Minn. Stat. § 181.101, wages are earned on the day an employee works and Minn. Stat. § 181.101 provides a substantive right for employees to the payment of wages in addition to the right to be paid at certain times.

67. Minn. Stat. § 181.13 provides that when an employer discharges an employee, the wages earned and unpaid at the time of the discharge are immediately due and payable.

68. Minn. Stat. § 181.14 provides that when an employee quits or resigns employment, the wages earned and unpaid at the time must be paid no later than the next regularly scheduled payday.

69. Defendant, pursuant to its pay practice, refused and failed to pay Plaintiff and the proposed Minnesota Class for all hours worked.

70. By failing to properly compensate Plaintiff and the proposed Minnesota Class, Defendant violated, and continues to violate their statutory rights under Minn. Stat. §§ 181.101, 181.13, and 181.14.

71. Defendant's actions were willful and not the result of mistake or inadvertence. *See* Minn. Stat. § 541.07(5).

72. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the proposed Minnesota Class have suffered damages in an amount to be determined at trial.

73. Plaintiff and the proposed Minnesota Class seek damages in the amount of their unpaid wages for hours worked, reasonable attorneys' fees and costs for this action, pre- and post-judgment interest, penalties, and such other legal and equitable relief as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

a) Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant for an amount equal to Plaintiff's and the similarly situated employees' unpaid overtime wages;

c) A finding that Defendant's violations of the FLSA are willful;

d) An amount equal to Plaintiff's and those similarly situated employees' damages as liquidated damages;

e) Attorneys' fees and costs;

f) An award of any pre- and post-judgment interest; and

g) All further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiff, as a proposed class representative, individually and on behalf of the proposed Minnesota Class, prays for relief as follows:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Minnesota Class, and the appointment of Plaintiff as a class representative and his counsel as class counsel;

b) Judgment against Defendant for an amount equal to Plaintiff's and the proposed Minnesota Class's unpaid wages and overtime wages;

c) A finding that Defendant's violations are willful;

d) Attorneys' fees and costs;

e) An award of any pre- and post-judgment interest;

f) Any applicable liquidated damages; and

g) All further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, those similarly situated, and members of the proposed Minnesota Class demand a trial by jury.

Dated: 6/5/20                          **NICHOLS KASTER, PLLP**

                                               *s/Michele R. Fisher*
                                               Michele R. Fisher, MN Bar No. 303069
                                               4600 IDS Center, 80 South 8th Street
                                               Minneapolis, MN  55402
                                               Telephone (612) 256-3200
                                               Fax (612) 215-6870
                                               fisher@nka.com

                                               ATTORNEYS FOR PLAINTIFFS