UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Noridin Warsame, individually and on behalf of all others similarly situated, and the proposed Minnesota Rule 23 Class, | Case No. 20-cv-1318 (ECW) |
| Plaintiff, | **ORDER** |
| v. | |
| Metropolitan Transportation Network, Inc., | |
| Defendant. | |

This case is before the Court on Plaintiff's Unopposed Motion for Class and Conditional Certification and for Preliminary Approval of Settlement. (Dkt. 68.) The parties consented to this Court's jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Civil Rules of Civil Procedure. (*See* Dkt. 65 (Consent); Dkt. 66 (Order).)

Having considered Plaintiff's Unopposed Motion; the Memorandum of Law in Support of Plaintiff's Unopposed Motion for Class and Conditional Certification and for Preliminary Approval of Settlement (Dkt. 70); the Declaration of Kayla M. Kienzle, along with the Settlement Agreement and other exhibits (Dkts. 71, 71-1 to 71-13); Plaintiff's Meet and Confer Statement in Support of Plaintiff's Unopposed Motion for Class and Conditional Certification and for Preliminary Approval of Settlement (Dkt. 72); the parties' representations at the hearing, and the filings, records, and pleadings in

this matter, pursuant to Federal Rule of Civil Procedure 23(e), **IT IS ORDERED** as follows:

1. Plaintiff's Unopposed Motion for Class and Conditional Certification and for Preliminary Approval of Settlement (Dkt. 68) is **GRANTED**.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for purposes of settlement only, the Court hereby certifies the claims in this lawsuit under the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. § 177.21, et seq., and the Minnesota Payment of Wages Act ("MPWA"), Minn. Stat. § 181.101, et seq., against Metropolitan Transportation Network, Inc. ("Metropolitan" or "Defendant") as a class action on behalf of the settlement group (which consists of 625 school bus drivers for whom Plaintiff alleges damages based on Defendant's payroll data):

    All persons who worked as school bus drivers for Metropolitan Transportation Network, Inc. at any time from June 5, 2017 to July 7, 2021.

3. In support of certification of this settlement class, for purposes of settlement only, the Court finds as follows:

    a. The parties do not dispute, and the Court concludes, that the 625 eligible individuals satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

    b. There are several important questions of law common to all class members that satisfy the commonality requirement of Federal Rule of Civil Procedure 23(a)(2), including whether Defendant's alleged practices violate

    the MFLSA and the MPWA, the proper measure of damages, and whether Defendant's conduct was willful or in good faith.

c. Plaintiff Noridin Warsame's claims emanate from the same alleged conduct of Defendant as that giving rise to the claims of the class members, and his claims are typical of the claims of the class members and satisfy the typicality requirement of Federal Rule of Civil Procedure 23(a)(3).  His claims do not conflict with those of other class members and rely upon the same legal theories.

d. Plaintiff Warsame has been thoroughly involved in this matter and can fairly and adequately represent the interests of the class members under the requirements of Federal Rule of Civil Procedure 23(a)(4).  Plaintiff's Counsel, Nichols Kaster, PLLP, has extensive experience in wage and hour class and collective litigation and can fairly and adequately represent the interests of the class.

e. Questions common to the class predominate over any individual claims and resolving the common questions through the settlement of a class action is preferable to doing so through individual litigation of 625 cases, satisfying Federal Rule of Civil Procedure 23(b)(3).

f. Because Plaintiff Warsame is similarly situated to the members of the settlement class, and his interests are typical of the rest of the class, he can fairly and adequately represent the class, and therefore the Court certifies Plaintiff Warsame as class representative.

4. Pursuant to the FLSA, 29 U.S.C. § 216(b), for purposes of settlement only, the Court hereby also certifies this lawsuit as a collective action for unpaid overtime on behalf of the following settlement group (which consists of 625 school bus drivers for whom Plaintiff alleges damages based on Defendant's payroll data):

   All persons who worked as school bus drivers for Metropolitan Transportation Network, Inc. at any time from June 5, 2017 to July 7, 2021.

5. In support of certification of the FLSA settlement group, for purposes of settlement only, the Court finds as follows:

   a. Plaintiff Warsame has shown a colorable basis for the claim that the putative collective members were victims of a single policy or plan.

   b. The factual and workplace settings of individual putative collective members do not detract from the commonalities of their claims.

   c. The various defenses available to Defendant do not appear to be individual to each of the putative collective members.

   d. It is most efficient, effective, and fair to grant relief through the mechanism of a collective action.

6. Both the proposed settlement class and collective consist of the same 625 individuals ("Eligible Settlement Class Members"). Because the class and collective actions are certified for the purposes of settlement only, should the settlement not become effective, this Order certifying the class and collective actions shall be vacated and the parties shall return to the positions they held

prior to the entry of this Order.  Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against Defendant or the Eligible Settlement Class Members.

7. The Court has conducted a preliminary review of the details of the proposed settlement, including information regarding distribution of the settlement and value, the mechanisms for notifying and paying settlement class and collective members, the percentage of anticipated recovery, attorney's fees and costs, and the class representative service award.  The Court preliminarily finds that the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2); *see also Netzel v. W. Shore Grp., Inc.*, 2017 WL 1906955, at *2 (D. Minn. May 5, 2017) (considering an FLSA settlement).

8. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), and having found Michele R. Fisher and Kayla M. Kienzle of the law firm of Nichols Kaster, PLLP, to be adequate and qualified to represent the class, the Court appoints Michele R. Fisher and Kayla M. Kienzle of Nichols Kaster, PLLP, and their firm as Class Counsel to represent the Eligible Settlement Class Members.

9. The notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, et seq., has not yet been sent.  The parties request that the Court permit Defendant to distribute CAFA notice.  Within three days of this Order, Defendant will send CAFA notice to the appropriate authorities.  Following the expiration of the 90-day CAFA notice period, the parties shall, in their final

approval papers, notify the Court of any responses from the appropriate officials.

10. The Court finds that the distribution of the Notice of Settlement ("Notice") as proposed and agreed to by the parties meets the requirements of due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to receive notice.

11. The Court hereby approves distribution of the Notice via U.S. Mail and text message as provided in the forms proposed in the motion and provided at Exhibits 3 (Dkt. 71-3), 4 (Dkt. 71-4), and 5 (Dkt. 71-5) to the Declaration of Kayla M. Kienzle (Dkt. 71).

12. Within five (5) days of this Order, Defendant will provide the Settlement Administrator with information for each Eligible Settlement Class Member that identifies his/her name, last-known address, cell phone number, and last-four digits of social security number (the "Class List").

13. Within seven (7) days of receipt of the Class List, the Settlement Administrator shall distribute the Notice to Eligible Settlement Class Members by U.S. Mail.

14. Within fourteen (14) days of receipt of the Class List, the settlement administrator will send a notice of settlement to Eligible Settlement Class Members by text.

15. The Court finds that the dissemination of the Notice in the manner set forth in Paragraph 11 of this Order constitutes the best notice practicable under the circumstances as well as valid, due, and sufficient notice to all persons entitled

thereto and complies fully with Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

16. Because of the structure of the settlement, class and collective members who do not wish to be included in the settlement class need not submit any statement of exclusion. They may opt out by declining to cash the settlement check they receive in the mail. However, any class or collective member who wishes to object to the proposed settlement, request exclusion, or be heard at the final approval hearing and show cause why the proposed settlement should not be approved as fair, adequate, reasonable and in the settlement groups' best interests or why this Court should not enter final judgment may do so according to the following procedure:

    a. The individual must send notice of intent to object to the settlement or request exclusion to the Settlement Administrator. The notice must contain name, address, case name (*Noridin Warsame, et al. v. Metropolitan Transportation Network, Inc*., Case No. 20-CV-01318 (ECW)) and the individual's specific objection or request for exclusion.

    b. The notice of intent to object to the settlement or request exclusion must be submitted to Settlement Administrator in writing at the following address on or before the 60-day period specified in the notice of settlement:

        Michele R. Fisher
        Kayla M. Kienzle
        Nichols Kaster, PLLP
        4700 IDS Center, 80 South Eighth Street
        Minneapolis, Minnesota 55402

7

    Email: forms@nka.com
    Phone: (612) 256-3200
    Fax: (612) 215-6870

17. Any person who fails to object in the above-described manner shall be deemed to have waived any objections.

18. Class Counsel shall submit the requests for exclusion and the objections to the Court and Defendant's counsel on or before fourteen (14) days prior to the final approval hearing.

19. United States Magistrate Judge Elizabeth Cowan Wright will hold a final approval hearing in Courtroom 3C of the U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota, or alternatively, by video conference via Zoom for Government on **February 7, 2022 at 9:30 a.m.**  This hearing will address: (a) whether the proposed settlement set forth in the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interest of the class and collective members; (b) whether the class and collective members should be bound by the release set forth in the Settlement Agreement upon cashing their checks; and (c) whether to approve, with or without modification, the proposed class-representative award, the proposed administration costs, and the proposed attorney's fees and expenses of Class Counsel.  If the hearing is held by Zoom, the parties will be provided with the necessary information to attend the Zoom hearing in advance.  This hearing is subject to adjournment or continuance by the Court.

20. The deadline for Plaintiff to file the Motion for Final Settlement Approval is on or before fourteen (14) days prior to the final approval hearing. The proposed Final Approval Order will be submitted to the Court simultaneously with the Motion for Final Settlement Approval and Dismissal.

21. Within 55 days of the expiration of the 90-day check cashing period, the parties shall file a stipulation of dismissal with prejudice for those who timely cashed their settlement checks and without prejudice for those who did not.

22. The parties shall take all reasonable steps to comply with the deadlines set forth in the Settlement Agreement and this Order and the following timeline:

| | |
|---|---|
| Defendant provides list for Notice | **Within 5 days of Order** |
| Settlement Administrator to send Notice by mail | **Within 7 days of receipt of list** |
| Settlement Administrator to send notice of settlement by text massage | **Within 14 days of receipt of list** |
| Objections and requests for exclusion due to Settlement Administrator | **Within 60 days of Notice mailing** |
| Class Action Fairness Act ("CAFA") Notice Responses | **Within 90 days of CAFA Notice mailing** |
| Requests for exclusion and objections due to Defendant and the Court and Plaintiff's Motion for Final Approval due to Court | **Within 14 days prior to final approval hearing** |
| Final approval hearing | **February 7, 2022 at 9:30 a.m.** |
| Stipulations of Dismissal | **55 days after expiration of 90-day check cashing period** |

Date: October 13, 2021           *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge