# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Noridin Warsame, individually and on behalf of all others similarly situated, and the proposed Minnesota Rule 23 Class, | Case No. 20-cv-1318 (ECW) |
| Plaintiff, | **ORDER GRANTING FINAL APPROVAL OF RULE 23 CLASS AND COLLECTIVE ACTION SETTLEMENT** |
| v. | |
| Metropolitan Transportation Network, Inc., | |
| Defendant. | |

This case is before the Court on Plaintiff's Unopposed Motion for Final Approval of Settlement (Dkt. 78). The parties have consented to this Court's jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Dkt. 66.) The Court has jurisdiction over this litigation and jurisdiction over the parties. *See* 28 U.S.C. §§ 1331, 1367.

In the Court's order preliminarily approving the settlement agreement, the Court approved the parties' stipulation to certify the proposed class and collective action for settlement purposes. (Dkt. 76.) The Court further appointed class counsel. (*Id.* at 5 ¶ 8.) Finally, the Court set deadlines for submitting notices of intent to object or request exclusion to the Settlement Administrator and filing objections and requests for exclusion to the Court and Defendant's counsel, and scheduled a final approval hearing. (*Id.* at 7-8 ¶¶ 16, 19.)

On February 7, 2022, the Court conducted a final approval hearing by Zoom for Government. (Dkt. 85.) The Unopposed Motion for Final Approval of Settlement is now ripe for decision.

Accordingly, having reviewed the parties' filings and their arguments at the preliminary and final approval hearings; the settlement agreements and exhibits; and based on all other filings, records, and pleadings in this matter; **IT IS ORDERED** that Plaintiff's Unopposed Motion for Final Approval of Settlement (Dkt. 78) is **GRANTED** as follows:

1. For the reasons stated in the preliminary approval Order, the Court makes final for the purposes of settlement the certification of the Minnesota Fair Labor Standards Act and the Minnesota Payment of Wages Act Rule 23 Class and Fair Labor Standards Act Collective consisting of the following:

> All persons who worked as school bus drivers for Metropolitan Transportation Network, Inc. at any time from June 5, 2017 to July 7, 2021.

2. The Court recognizes there are 624 individuals that meet this definition (the "Eligible Settlement Class Members").[1]

3. When the Court preliminarily approved the settlement, it approved the form and manner of sending the settlement notices to the Eligible Settlement Class Members. The Court finds that the parties administered the distribution of the settlement notices in

---

[1] The Court preliminarily approved the settlement as to 625 Eligible Settlement Class Members. However, Plaintiff's counsel noted that one individual was listed on the Class List twice using different identification numbers and the awards for that individual were combined into one record, resulting in a total of 624 drivers. (Dkt. 81 ¶ 7.)

2

the form and manner previously approved by the Court, and that the notice provided constitutes due and sufficient notice to all persons entitled to receive notice.

4. The Court finds that a full and fair opportunity has been afforded to the Eligible Settlement Class Members to participate in the proceedings convened to determine whether the settlement should be given final approval. None of the 624 Eligible Settlement Class Members objected to the settlement. Notices to seventeen individuals remained undeliverable after tracing, phone outreach, and remailing, and of the seventeen individuals, two also had a bounced-back text message, suggesting that they did not receive Notice by mailing or text message. Three Eligible Settlement Class Members desired to be excluded.

5. The Court affirms its findings from the preliminary approval Order that the settlement reached is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *see also Netzel v. W. Shore Grp., Inc.*, 2010 WL 1906955, at *2 (D. Minn. May 5, 2017) (considering an FLSA settlement). As a result of the $257,500 settlement reached here, Eligible Settlement Class Members (after the deduction of attorneys' fees and costs, a Named Plaintiff service award, and the $50.00 minimum allocation per person) will recover 99.25% of their alleged unpaid wages and 13% in liquidated damages for a three-year statutory period.

6. All Eligible Settlement Class Members will receive a settlement check. Only those who choose to participate in the settlement by cashing their check within 55 days of issuance will release their claims subject to the settlement. Those who do not cash their checks will not release any claims. This manner and method of settlement

ensures as many Eligible Settlement Class Members as possible may participate in the settlement.

7.     Class Counsel seeks an attorneys' fee award of $85,833.33 and Defendant does not oppose this request. Despite the lack of opposition, the Court has considered the request through the lens of the percentage-of recovery and lodestar approaches. *See Netzel v. W. Shore Grp., Inc.*, 2017 WL 1906955, at *8 (D. Minn. May 7, 2017). The award amounts to 33.33% of the total settlement amount and follows efficient effort on the part of Class Counsel to achieve a fair and adequate recovery for the Eligible Settlement Class Members. Class Counsel took a risk in litigating a case that might not result in their compensation and helped secure payment for employees who likely would not have found representation to pursue individual claims. The Court therefore finds the attorneys' fee requested to be fair and reasonable in light of the results obtained for the Eligible Settlement Class Members by Class Counsel from the law firm of Nichols Kaster, PLLP, and the time spent by Class Counsel. Class Counsel's experience in litigating wage and hour class and collective actions, and informed opinions of the fairness of the settlement, provide further weight in support of approval.

8.     The Court approves of Class Counsel's request for reimbursement for litigation costs in the amount of $5,425 and $11,000 in administration costs as reasonable.

9.     The Court approves of the requested class representative service award of $2,500 for Plaintiff Noridin Warsame as fair and reasonable for his effort and assistance with this case.

10. Consistent with the Settlement Agreement, the Court approves the following timeline for the resolution of this matter:

(a) Defendant shall deliver the settlement checks, including the payment to Class Counsel, within 30 days of this Order authorizing the distribution of settlement checks.

(b) Class Counsel shall promptly mail the settlement checks to the Eligible Settlement Class Members along with the Notice provided at Dkt. 71-5.

(c) Eligible Settlement Class Members shall have 90 days from the issuance of the checks to cash their settlement checks. By doing so, they will be opting into the case and agreeing to the scope of the release in the settlement, which is also provided in the Notice, and set forth below:

If you cash the settlement check (1) you will be consenting to join the action and settlement; (2) you will waive and release all federal and state law wage claims you have, or may have brought, against Defendant (including its past and present owners(s), officers, directors, managers, insurers, and attorneys) from June 5, 2017 to July 7, 2021 including, but not limited to: overtime; minimum wage; breach of contract to pay wages; recordkeeping; hours of work; and any statutory liquidated damages and attorneys' fees and costs related to the claims released ("Released Claims"); (3) you will be bound by the terms and conditions of the settlement as to your Released Claims; and (4) you will give up the right to sue Defendant for your Released Claims.

(d) The parties have reached an agreement for language on the back side of the checks regarding opting in and the release, to state: "Cashing releases all federal and MN state wage and hour claims against Defendant from June 5, 2017 to July 7, 2021."

(e) Eligible Settlement Class Members who do not cash their checks will not release any claims against Defendant and will retain any rights they may have to file or proceed with their own lawsuit against Defendant.

(f) Within 55 days of the expiration of the 90-day check-cashing period, the parties shall file with the Court a stipulation for dismissal. In the stipulation, the parties will identify those who failed to timely cash their checks, and their claims will be dismissed without prejudice. The parties will also identify those who cashed their checks, and their claims asserted in this action, and subject to the release, will be dismissed with prejudice.

11. The parties took efforts to exclude the plaintiffs in a separate case pending in the District of Minnesota from the Class List, *Hajiabdi, et al. v. Metropolitan Transportation Network, Inc.*, No. 21-cv-00268-ECT-ECW, and Mohamed Adan was inadvertently included as a result of having had two different employee identification numbers, with one removed, thereby reducing the Eligible Settlement Class Members from 625 to 624.

12. Plaintiffs Mohamed Adan, Ruby Ross-Jayeola, and Elizabeth Schmitz submitted written exclusion request during the Notice period. Plaintiffs Mohamed Adan, Ruby Ross-Jayeola, and Elizabeth Schmit are dismissed **WITHOUT PREJUDICE**.

13. Plaintiff's Counsel received consent forms from Ross Nova and Mark Turner and filed them with the Court. Plaintiff Ross Nova did not work as a school bus driver during the relevant statutory period and filed a withdrawal form, and as a result is not eligible to make a claim in this case and was not included in the settlement allocation.

6

14. Per Defendant's records, Plaintiff Mark Turner did not work for Defendant, was non-responsive to Plaintiff's Counsel's attempts to verify employment, and as a result, was not included in the settlement allocation.

15. Plaintiffs Ross Nova and Mark Turner are dismissed **WITHOUT PREJUDICE.**

16. If there are any claims in this litigation that are not resolved by the foregoing provisions of this Order, judgment shall be and hereby is entered dismissing such claims without prejudice and without taxation of costs in favor of or against any party.

17. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, the Plaintiff, or the class and collective members.

18. Without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the litigation for purposes of supervising, implementing, interpreting, and enforcing this Order and the Settlement Agreement.

Date:   February 9, 2022            s/ *Elizabeth Cowan Wright*
                                    ELIZABETH COWAN WRIGHT
                                    United States Magistrate Judge